O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTHONY ANAYA,

              Plaintiff,

      vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social
Security,[1]

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 12-1503 RNB

ORDER AFFIRMING DECISION OF
COMMISSIONER

     The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation, which is directed to the rejection by the Administrative Law Judge ("ALJ") of the treating physician's opinion.[2]

---

    [1]    The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

    [2]    As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. §

1

1    The law is well established in this Circuit that a treating physician's opinions
2    are entitled to special weight because a treating physician is employed to cure and has
3    a greater opportunity to know and observe the patient as an individual.  See
4    McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's
5    opinion is not, however, necessarily conclusive as to either a physical condition or the
6    ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.
7    1989).  The weight given a treating physician's opinion depends on whether it is
8    supported by sufficient medical data and is consistent with other evidence in the
9    record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the treating physician's
10   opinion is uncontroverted by another doctor, it may be rejected only for "clear and
11   convincing" reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter
12   v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991).  Where, as here, the treating
13   physician's opinion is controverted, it may be rejected only if the ALJ makes findings
14   setting forth specific and legitimate reasons that are based on the substantial evidence
15   of record.  See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A
16   treating physician's opinion on disability, even if controverted, can be rejected only
17   with specific and legitimate reasons supported by substantial evidence in the
18   record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th
19   Cir. 1987).

20   Here, the record indicates that plaintiff's treating physician, Dr. Sekhon, wrote
21   a letter stating, "It is my medical opinion that even with medication support, Mr.
22   Anaya will be unable to retain employment due to his mental disability."  (See AR
23   480.)  Dr. Sekhon also completed a questionnaire stating that plaintiff would be
24   "unable to meet competitive standards" in several areas of mental functioning and
25   would be absent from work more than four days per month.  (See AR 481-82.)

26   The ALJ proffered three reasons for finding that the letter and questionnaire

28   405(g).

2

completed by Dr. Sekhon had "no probative value": (1) they appeared to have been completed as an accommodation to plaintiff; (2) they included only conclusions regarding functional limitations, with the only rationale for those conclusions being plaintiff's subjective complaints; and (3) they were not supported by any objective medical evidence.  (<u>See</u> AR 59.)  The Court finds that all of these reasons were specific and legitimate, and supported by the evidence of record.

First, the ALJ's observation that Dr. Sekhon's opinion appeared to have been completed as an accommodation to plaintiff was not impermissible in light of the reasons on the whole.  In general, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them."  <u>See</u> <u>Lester</u>, 81 F.3d at 832; <u>Reddick</u>, 157 F.3d at 726 (same).  However, the purpose for which a medical opinion was obtained may be considered "where the opinion itself provides grounds for suspicion as to its legitimacy."  <u>See</u> <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1464 (9th Cir. 1996); <u>see also</u> <u>Saelee v. Chater</u>, 94 F.3d 520, 523 (9th Cir. 1996) (per curiam) (purpose for which medical opinion was obtained may be considered where there are "actual improprieties" in the opinion, such as the absence of any objective medical basis for the opinion or its reliance on the claimant's discredited subjective allegations); <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1339 (9th Cir. 1988) (same where there is no objective medical basis for the opinion).  As discussed below, in light of the actual improprieties the ALJ found in Dr. Sekhon's opinion, it was not impermissible for the ALJ to question the purpose for which the opinion was obtained.

Second, the ALJ's determination that Dr. Sekhon's opinion was conclusory, insofar as it was based on plaintiff's subjective complaints, was a legally sufficient reason to give it no probative value.  The Court's review of the record confirms the ALJ's determination that Dr. Sekhon's sparse treatment records largely consisted of recordings of plaintiff's subjective symptom complaints.  (<u>See</u> AR 462-70.)  The Court's review of the record also confirms that the ALJ provided legally sufficient

3

1   reasons to reject plaintiff's subject symptom complaints, which plaintiff does not
2   challenge here.  See Morgan v. Chater, 169 F.3d 595, 602 (9th Cir. 1999) (a
3   physician's opinion of disability premised to a large extent upon the claimant's own
4   accounts of his symptoms and limitations may be disregarded where those complaints
5   have been properly discounted); Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)
6   (same); Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433-34
7   (9th Cir. 1988) (per curiam) (same); see also Saelee, 94 F.3d at 523 (ALJ permissibly
8   questioned purpose for which medical report was obtained where report relied on
9   claimant's subjective allegations, which the ALJ properly disregarded as entirely
10  untrustworthy).

11        Third, the ALJ's determination that Dr. Sekhon's opinion was not supported
12  by any objective medical evidence was a legally sufficient reason to give it no
13  probative value.  The Court's review of the record confirms that there was little
14  evidence of medical findings, personal observations, or test reports upon which Dr.
15  Sekhon could have arrived at his conclusion that plaintiff was disabled.  See Thomas
16  v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion
17  of any physician, including a treating physician, if that opinion is brief, conclusory,
18  and inadequately supported by clinical findings."); Tonapetyan v. Halter, 242 F.3d
19  1144, 1149 (9th Cir. 2001) (holding that treating physician's opinion that was
20  "unsupported by rationale or treatment notes, and offered no objective medical
21  findings" to support diagnoses was properly rejected); see also Saelee, 94 F.3d at 523
22  (ALJ permissibly questioned purpose for which medical report was obtained where
23  there was no objective medical basis for treating physician's opinion); Burkhart, 856
24  F.2d at 1339 (same where treating physician's opinion was "nothing more than a
25  statement of his unsupported opinion").

26        The Court therefore finds and concludes that reversal is not warranted based
27  on the ALJ's alleged failure to properly consider Dr. Sekhon's opinion.

28                              *******************

4

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED:  May 16, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

5